09-2060-pr
Sims v. Blot

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand nine.

PRESENT: DENNIS JACOBS,
                         **Chief Judge**,
               AMALYA L. KEARSE,
                         **Circuit Judge**
               PAUL G. GARDEPHE,[*]
                         **District Judge**.

————————————————————————————————————————

Nathaniel Sims,

         **Plaintiff-Appellant**,

         v.                                    09-2060-pr

Mike J. Blot, Correctional Officer, Francisco Caraballo, Correctional Officer,

         **Defendants-Appellees**.

————————————————————————————————————————

---

[*] Paul G. Gardephe, Judge of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT:    Antony L. Ryan, MARC J.
                            KHADPE, Cravath Swain &
                            Moore LLP, New York, NY.

APPEARING FOR APPELLEES:    SASHA SAMBERG-CHAMPION,
                            Barbara D. Underwood,
                            Michael S. Belohlavek,
                            Robert C. Weisz (Andrew M.
                            Cuomo on the brief), Office
                            of the Attorney General,
                            New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Nathaniel Sims, an inmate in Sing Sing Correctional Facility, appeals from a judgment of the United States District Court for the Southern District of New York (Preska, J.), entered on April 14, 2009 after a jury verdict.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This action under 42 U.S.C. § 1983 arises out of an altercation between Sims and the defendant-appellees, both guards at the prison.  The jury found for the defendants. On appeal, plaintiff seeks vacatur and a new trial, arguing

2

there were improper jury instructions and that evidence was improperly admitted.

The propriety of jury instructions is a question of law that we review de novo.  United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004).

Sims objected at trial to the following jury instruction:

> If you find that any witness has willfully testified falsely as to any material matter, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely or inaccurately about one matter, you may reject as false or inaccurate that portion of his or her testimony and accept as true any other portion of his or her testimony.

It was not in error for the judge to give this instruction to the jury.  This Court has never held that giving this instruction constitutes error.  See United States v. James, 239 F.3d 120, 122 n.2 (2d Cir. 2000) ("In this case we need not pass upon the merits of giving or not giving a falsus in uno instruction.").  As the district court made it clear that the jury may--but need not-- evaluate testimony on the basis of material falsehoods, the instruction was not given in error.

Sims challenges a second instruction: that his status as a convicted felon of a crime punishable by more than one

3

year in prison could be considered for the--expressly limited--purpose of evaluating his credibility as a witness.

This instruction fits within commonly accepted practices and did not mislead the jury as to the proper legal standard; therefore, it was not in error. See Fed. R. Evid. 609 (such evidence is admissible for impeachment); see also United States v. Corcione, 592 F.2d 111, 116 (2d Cir. 1979) (upholding an instruction on examining felon witnesses' testimony more closely based in part on their status as criminals); 4 Leonard B. Sand, et al., Modern Federal Jury Instructions-Civil, § 76-6 (2009) (giving similar model jury instruction).

Plaintiff argues that evidence of his prior bad acts in prison was used, in violation of Federal Rule of Evidence 404(a), to demonstrate propensity. Fed. R. Evid. 404(a); see Hynes v. Coughlin, 79 F.3d 285 (2d. Cir. 1996). Under Federal Rule of Evidence 404, prior bad acts are inadmissible to establish character and "action in conformity therewith on a particular occasion," Fed. R. Evid. 404(a); but they may be used "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

4

The admission of prior bad acts evidence is reviewed for abuse of discretion. United States v. Lombardozzi, 491 F.3d 61, 78-79 (2d Cir. 2007). Discretion is abused "only if the judge acted in an arbitrary and irrational manner." Id. at 79. "This Court reviews 404(b) evidence under an inclusionary approach and allows evidence for any purpose other than to show a defendant's criminal propensity." Id. at 78 (internal quotation marks omitted).

The evidence of Sims's prison conduct was admissible under 404(b), primarily under the "proof of motive" exception. Fed. R. Evid. 404(b). Sims repeatedly stated in his testimony that the defendants had a grudge against him due to his bad conduct, and that this grudge was their motive for assaulting him. Most of the disputed testimony goes to the motive that plaintiff attempts to establish; some of this testimony was even elicited by plaintiff's counsel or clarified points from plaintiff's examination. Defendants referred to Sims's misconduct but did not dwell on it; to the contrary, they denied that his behavior was unusual for his prison unit in order to rebut Sims's contention that his misconduct was a motive for an assault by the guards.

There was another reference to prior bad acts. On direct, plaintiff claimed he had a medical condition that limited his ability to turn around suddenly, and was, therefore, unlikely to have whirled around to attack one of the guards, as the guards testified. Cross examination elicited from Sims that he had twice--after the onset of his condition--been disciplined for assaulting staff. Even assuming arguendo that such testimony was admitted in error, the error would be harmless. The entire exchange consisted of nine lines of trial testimony; those disciplinary violations were never mentioned again; and the questions as framed were relevant to Sims's injury rather than to propensity. As the controversial testimony was so minor in comparison with the evidence supporting the prison guards' account, it seems clear that this disputed evidence did not "substantially influence the jury," and so, even if the testimony was admitted in error, any error was harmless. Hynes v. Coughlin, 79 F.3d 285, 291 (2d Cir. 1996).

Plaintiff challenges references made to his presence in the Psychiatric Satellite Unit. However, the point was relevant. The defendants argued that Sims provoked a fight knowing that, per standard procedure, he would then be returned to the more relaxed regime of the Psychiatric

6

Satellite Unit.  It does not appear that the testimony focused on Sims's psychiatric history (if any); the references in the closing argument were related to the defendants' theory of motive.  The district court appears to have weighed the prejudice against probative value, as required; it was not in error in admitting this evidence. United States v. Salameh, 152 F.3d 88, 110 (2d. Cir. 1998).

We have considered the remainder of Sims's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

7